UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | |
| L. Robert Thomas a/k/a L. Robert Thomas, Jr. | RE: 401 Burnham Road, Bridgton, ME 04009 |
| Defendant | |
| Jonathan Weld | Mortgage: October 18, 2006 |
| Party-In-Interest | Book 24489, Page 277 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is the obligor and the total amount owed

under the terms of the Note is Three Hundred Fourteen Thousand Nine Hundred Eighteen and 92/100 ($314,918.92) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a corporation with its principal place of business located at 13801 Wireless Way, Oklahoma City, OK 73134.

5. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is a resident of Bridgton, County of Cumberland and State of Maine.

6. The Party-in-Interest, Jonathan Weld, is located at 395 Henry Street, Apt. 5N, Brooklyn, NY 11201.

## FACTS

7. On February 23, 2001, by virtue of a Warranty Deed from Sheila M. Baker and David W. Baker, which is recorded in the Cumberland County Registry of Deeds in **Book 16050, Page 344**, the property situated at 401 Burnham Road, County of Cumberland, and State of Maine, was conveyed to the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On October 18, 2006, the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., executed and delivered to Suntrust Mortgage, Inc. a certain Note in the amount of

$168,000.00.  *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on October 18, 2006, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems Inc., as nominee for Suntrust Mortgage, Inc., securing the property located at 401 Burnham Road, Bridgton, ME 04009 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 24489**, **Page 277**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to JPMorgan Chase Bank, N.A. by virtue of an Assignment of Mortgage dated February 9, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 29397**, **Page 21**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Bayview Loan Servicing, LLC by virtue of an Assignment of Mortgage dated December 7, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 31251**, **Page 258**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Bayview Loan Servicing by virtue of a Quitclaim Assignment dated February 23, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32122**, **Page 316**.  *See* Exhibit F (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated February 14, 2017 and recorded in the Cumberland County Registry of Deeds in **Book 33836**, **Page 209**.  *See*

Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

14. On August 9, 2019, the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

15. The Demand Letter informed the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

16. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., failed to cure the default prior to the expiration of the Demand Letter.

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

20. Jonathan Weld is a Party-in-Interest pursuant to a Writ of Execution in the amount of $886.80 dated August 26, 2014, and recorded in the Cumberland County Registry of Deeds in **Book 31757**, **Page 75** and is in second position behind Plaintiff's Mortgage.

21. The total debt owed under the Note and Mortgage as of October 16, 2019 is Three Hundred Fourteen Thousand Nine Hundred Eighteen and 92/100 ($314,918.92) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $162,538.55 |
| Interest | $112,204.43 |
| Escrow/Impound Required | $43,190.29 |
| Late Fees | $2,593.46 |
| Total Advances | $920.50 |
| Unapplied Funds | $-6,528.31 |
| Grand Total | $314,918.92 |

22. Upon information and belief, the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 22 as if fully set forth herein.

24. This is an action for foreclosure respecting a real estate related Mortgage and title located at 401 Burnham Road, Bridgton, County of Cumberland, and State of Maine.  *See* Exhibit A.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

27. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is presently in default on said Mortgage and Note, having failed to make the monthly payment due November 1, 2009, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

28. The total debt owed under the Note and Mortgage as of October 16, 2019 is Three Hundred Fourteen Thousand Nine Hundred Eighteen and 92/100 ($314,918.92) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $162,538.55 |
| Interest | $112,204.43 |
| Escrow/Impound Required | $43,190.29 |
| Late Fees | $2,593.46 |
| Total Advances | $920.50 |
| Unapplied Funds | $-6,528.31 |
| Grand Total | $314,918.92 |

29. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

30. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

31. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., on August 9, 2019, evidenced by the Certificate of Mailing. *See* Exhibit H.

32. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is not in the Military as evidenced by the attached Exhibit I.

## COUNT II – BREACH OF NOTE

33. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. On October 18, 2006, the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., executed and delivered to Suntrust Mortgage, Inc. a certain Note in the amount of $168,000.00. *See* Exhibit B.

35. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is in default for failure to properly tender the November 1, 2009 payment and all subsequent payments. *See* Exhibit H.

36. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr..

37. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

38. The Defendant L. Robert Thomas a/k/a L. Robert Thomas, Jr.'s breach is knowing, willful, and continuing.

39. The Defendant L. Robert Thomas a/k/a L. Robert Thomas, Jr.'s breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

40. The total debt owed under the Note and Mortgage as of October 16, 2019, if no payments are made, is Three Hundred Fourteen Thousand Nine Hundred Eighteen and 92/100 ($314,918.92) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $162,538.55 |
| Interest | $112,204.43 |
| Escrow/Impound Required | $43,190.29 |
| Late Fees | $2,593.46 |
| Total Advances | $920.50 |
| Unapplied Funds | $-6,528.31 |
| Grand Total | $314,918.92 |

41. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 41 as if fully set forth herein.

43. By executing, under seal, and delivering the Note, the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., entered into a written contract with Suntrust Mortgage, Inc. who agreed to loan the amount of $168,000.00 to the Defendant. *See* Exhibit B.

44. As part of this contract and transaction, the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

45. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Suntrust Mortgage, Inc., and has performed its obligations under the Note and Mortgage.

46. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., breached the terms of the Note and Mortgage by failing to properly tender the November 1, 2009 payment and all subsequent payments. *See* Exhibit H.

47. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr..

48. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

49. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Three Hundred Fourteen Thousand Nine Hundred Eighteen and 92/100 ($314,918.92) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

50. Defendant L. Robert Thomas a/k/a L. Robert Thomas, Jr.'s breach is knowing, willful, and continuing.

51. Defendant L. Robert Thomas a/k/a L. Robert Thomas, Jr.'s breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

52. The total debt owed under the Note and Mortgage as of October 16, 2019, if no payments are made, is Three Hundred Fourteen Thousand Nine Hundred Eighteen and 92/100 ($314,918.92) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $162,538.55 |
| Interest | $112,204.43 |
| Escrow/Impound Required | $43,190.29 |
| Late Fees | $2,593.46 |
| Total Advances | $920.50 |
| Unapplied Funds | $-6,528.31 |
| Grand Total | $314,918.92 |

53. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

54. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 53 as if fully set forth herein.

55. Suntrust Mortgage, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., $168,000.00.  *See* Exhibit B.

56. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is in default for failure to properly tender the November 1, 2009 payment and all subsequent payments.  *See* Exhibit H.

57. As a result of the Defendant L. Robert Thomas a/k/a L. Robert Thomas, Jr.'s failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

58. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit.*

## COUNT V –UNJUST ENRICHMENT

59. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 58 as if fully set forth herein.

60. Suntrust Mortgage, Inc., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., $168,000.00. *See* Exhibit B.

61. The Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., has failed to repay the loan obligation.

62. As a result, the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Suntrust Mortgage, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

63. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is in breach of the Note by failing to make payment due as of November 1, 2009, and all subsequent payments;

d)  Find that the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is in breach of the Mortgage by failing to make payment due as of November 1, 2009, and all subsequent payments;

e)  Find that the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., entered into a contract for a sum certain in exchange for a security interest in the subject property;

f)  Find that the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due November 1, 2009 and all subsequent payments;

g)  Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h)  Find that by virtue of the money retained by the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr. has been unjustly enriched at the Plaintiff's expense;

i)  Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j)  Find that the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k)  Find that the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., is liable to the Plaintiff for quantum meruit;

l)  Find that the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr.;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, L. Robert Thomas a/k/a L. Robert Thomas, Jr., and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Three Hundred Fourteen Thousand Nine Hundred Eighteen and 92/100 ($314,918.92 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated: October 8, 2019

/s/ John A. Doonan, Esq.
/s/ Reneau J. Longoria, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com