Jonathan Weld
395 Henry St 5N
Brooklyn, NY 11201

January 9, 2020

DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
REC

2020 JAN 14 P 3:42

CLERK

US District Court
Clerk's Office
156 Federal St.
Portland, ME 04101

To the Clerk:

I am submitting an amended answer to a complaint or motion filed under Rule 12 of the Federal Rules of Civil Procedure. I hope you will accept this in place of the earlier answer, submitted on January 2, with a motion for a late filing regarding Case 2:19-cv-00454-JDL, Document 7, filed 12/09/19 by the plaintiff's attorneys, John A Doonan, Esq., Reneau J. Longoria, Esq, Doonan, Graves & Longoria, LLC.

I was served with a summons in Bridgton, Maine on December 12, 2019 as Party-in Interest in the civil action against Robert Thomas.

On 11/12/13 I requested a judgment against Robert Thomas, carpenter, of 401 Burnham Road, Bridgton, ME, for services paid for in the amount of $750.00, but not rendered. The claim was filed in Maine District Court, Bridgton, ME.

I received notice of a hearing and had served on Robert Thomas a summons to court for a hearing set for 05/06/2014. The hearing was held (Docket No. BRIDGC-SC-2014-00054) wherein I, Jonathan Weld was the plaintiff who appeared and Robert Thomas was the defendant who did not appear at District Court in Bridgton, ME. I presented evidence of payment made for services not rendered. This judgment granted to the plaintiff $750.00 in principal debt or damages, and $111.80 in costs of suit.

The defendant did not subsequently make any payment of the debt or damages. Notice was sent to both parties for a Disclosure Hearing on 08/05/14. The plaintiff and the defendant did both appear.
In a Writ of Execution on August 26, 2014 (Docket NO: BRIDC-SC-2014-45) a judgment was entered that included $750 in principal debt or damages, $111.80 in costs of suit, and post-judgment interest accrued at the rate of 6.13 % commenced on 05/06/2014. The plaintiff named was Jonathan Weld, PO Box 532, Bridgton, ME 04009, and the defendant was Robert Thomas, 401 Burnham Rd, Bridgton, ME. The defendant did not subsequently make any payment of the debt, damages or accrued interest.

The Disclosure Hearing Order issued on 12/02/14 found that the income of the judgment debtor was not exempt from attachment and was such that the judgment debtor was able to make

Scanned by: _____
Folder Location: Tues
File Name: jdr 19cv454
Names of any Attachments: env

payment as follows: $100 monthly beginning 01/02/15. However no payments were subsequently made by the judgment debtor to the plaintiff.

A Contempt Subpoena (14MRS 3136) was issued that required the plaintiff and the defendant to appear on May 5, 2015 in the District Court, Bridgton, ME (Docket No: SC 14-54). The subpoena required the judgment debtor to bring W-2, W- 4 forms for 2014. Both the plaintiff and the defendant did appear.
The defendant claimed that he was un-employed and unable to make the required payments. The judge ruled that it was the responsibility of the plaintiff to ascertain whether the debtor could afford to make the mandated payments. I had no way of doing this.

I subsequently filed a lien in Portland, Maine against the property of Robert Thomas at 401 Burnham Road, Bridgton, ME 04009.

I ask that the terms of The Writ of Execution of August 26, 2014 be honored and included in any settlement of the current foreclosure suit.

Doonan, Graves & Longoria, LLC. granted me a two-week extension on the time to file an answer, and I filed an answer with them on January 8, 2020.

Sincerely,

Jonathan Weld